UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:23-cv-21936

**ALVIN SCOTT**,

    Plaintiff,

v.

**CARNIVAL CORPORATION, d/b/a
CARNIVAL CRUISE LINES,
a foreign corporation,**

    Defendant.
_____/

**COMPLAINT**

**COMES NOW**, Plaintiff, ALVIN SCOTT, by and through his undersigned attorney, and files his Complaint against Defendant, CARNIVAL CORPORATION, d/b/a CARNIVAL CRUISE LINES, a foreign corporation, and states:

**ALLEGATIONS COMMON TO ALL COUNTS**

1. This is an action for damages that exceed $75,000.00, exclusive of attorney's fees and costs.

2. At all material times, Plaintiff was a resident of Port Wentworth, Georgia.

3. At all material times, Defendant, **CARNIVAL CORPORATION,** is and was a foreign corporation licensed to conduct business in the State of Florida, and did conduct business in Florida as CARNIVAL CRUISE LINES, providing cruise ship voyages to paying passengers, and owned and/or operated a cruise ship known as the M/V *Carnival Horizon* (the "Vessel").

4. Jurisdiction is proper in this Court under 28 U.S.C. 1333, which provides original jurisdiction to United States District Courts exclusive of state courts of "any civil case of admiralty

1

or maritime jurisdiction, saving to suitors in all cases all other remedies to which they may be entitled", and pursuant to Article III, Section 2 of the U.S. Constitution.

5. Venue is proper in the Southern District of Florida in that Defendant's principal place of business is in Miami, Florida, and Defendant has agreed, in writing, that jurisdiction and venue are proper in the Southern District of Florida, Miami Division, under the terms of the cruise ticket contract tendered by Defendant to Plaintiff. A copy of said cruise ticket is in the possession of CARNIVAL CRUISE LINES.

6. On or about May 26, 2023, Plaintiff, ALVIN SCOTT, was injured aboard The Vessel, during a cruise which originated in, and returned to Florida.

7. At all times material hereto, while Plaintiff was aboard Defendant's vessel, he was a fare paying passenger and business invitee of Defendant.

8. Upon information and belief, Defendant's, CARNIVAL CRUISE LINES, crewmembers have a regular duty to inspect the public areas aboard CARNIVAL CRUISE LINES' vessels, including the area surrounding Guy's Burger Joint and the beach pool deck of Defendant's vessel, the M/V *Carnival Horizon*.

9. On or about May 26, 2023, Plaintiff, Mr. SCOTT, was walking towards the entrance area of Guy's Burger Joint, on the Vessel, when Carnival's crew members directed Mr. SCOTT to an alternative entrance because the nearby beach pool had been overfilled by Carnival employees and the pool had over-flowed.

10. Immediately after entering through the door to which he was directed by Carnival's employees, Plaintiff slipped on the pool water from the over-filled and over-flowed Carnival swimming pool.

11. As a result, Alvin Scott fell violently

12. onto the deck. Once on the floor, Plaintiff, Mr. SCOTT was assisted by several

Carnival crew members who confirmed they were aware of the water on the floor from the over-flowing pool.

13. Plaintiff, Mr. SCOTT, also noted after getting up, that there were signs indicating that the floor may be wet, however those signs were positioned in place so as to not be visible to passengers entering from the direction from which Mr. SCOTT had been directed to enter by the Carnival employees.

14. Plaintiff, Mr. SCOTT, sustained serious physical injury as a result of the sudden violent fall on the Defendant's vessel, the *M/V Carnival Horizon.*

15. As a further result of the fall, Mr. Scott has had to undergo medical treatment, has incurred medical bills, has lost income to his business and personal finances, and has suffered additional physical and financial losses from the incident.

## COUNT I – NEGLIGENCE OF CARNIVAL CRUISE LINES

16. At all times material hereto, while Plaintiff was a passenger aboard Defendant's, CARNIVAL CRUISE LINES's, vessel, the M/V *Carnival Horizon*, Defendant owed a "duty to exercise reasonable care for the safety of its passengers," including Plaintiff . *See, Hall v. Royal Caribbean Cruises, Limited,* 2004 WL 1621209 (Fla. 3d DCA 2004). Defendant also owed a 'duty to exercise reasonable care under the circumstances.' *See, Harnesk v. Carnival Cruise Lines, Inc.,* 1991 WL 329584 (S.D. Fla. 1991).

17. Defendant's duty to maintain all areas and features of the subject vessel, including the flooring, decks, and passengers' walkways, is part of Defendant's duty of reasonable care under the circumstances. The duty to maintain all areas and features of the subject vessel, including the Deck 11 dining area flooring, includes a duty to regularly inspect, clean, dry, mop, and squeegee the public area floors and to prevent the pool from overflowing—and Carnival has a duty to not *create* a

3

dangerous condition on the flooring, decks and passengers' walkways.

18. Plaintiff, CARNIVAL CRUISE LINES, breached its duty to Plaintiff by:

    a. Failing to provide a reasonably safe means of entering and exiting the dining facilities the M/V *Carnival Horizon,* including Guy's Burger;

    b. Allowing a dangerous condition(s) to exist upon its vessel flooring in areas through which passengers travel; specifically: the aforementioned transient liquid on the floor of around the Deck 11 pool and Guy's Burger Bar;

    c. Failing to avoid or correct the dangerous condition on its vessel; specifically: the wet flooring around the stated dining facility located on The Vessel;

    d. Failing to provide adequate crew—or to direct them--to maintain the area around Guys Burger Joint and the pool on Deck 11 of The Vessel in the face of the over-fill and overrun of the nearby pool;

    e. Failing to mark the spill area sufficiently to warn the Plaintiff of the over-flowed water from the pool;

    f. Erroneously advising the Plaintiff to take a second route—which was equally distressed with fluid on the flooring from the pool;

19. As a proximate result of Defendant's negligent failure to maintain that portion of the deck area, and Defendant's failure to correctly warn Plaintiff of the dangerous condition about which it knew and should have known on or about May 26, 2023, Plaintiff, Mr. SCOTT, fell violently and was severely injured about his body.

20. Defendant's negligence created the hazardous condition to its passengers, and to the Plaintiff specifically, the hazardous condition was known to the Defendant through its on-scene employees, and had also existed for a sufficient length of time such that Defendant knew of it, so

as to constitute clear notice to Defendant, CARNIVAL CRUISE LINES, of that condition.

21. As a direct and proximate result of Defendant's negligence and Plaintiff's resulting fall, Plaintiff, ALVIN SCOTT, suffered physical and mental pain and anguish, disability, loss of capacity for the enjoyment of life, loss of earnings, loss of ability to earn in the future, and medical expenses. Said losses are either permanent or continuing in nature, and Plaintiff will suffer these in the future.

**WHEREFORE**, Plaintiff, ALVIN SCOTT, demands judgment for the stated damages, interest and costs against Defendant, CARNIVAL CORPORATION, individually and d/b/a CARNIVAL CRUISE LINES, a trial by jury on all issues so triable, and all such other relief this Court deems just and proper.

## COUNT II – NEGLIGENT MAINTENANCE

22. Defendant's duty to maintain all areas and features of the Vessel, free of hazardous conditions is part of Defendant's duty of reasonable care under the circumstances. The duty to maintain all areas of the Vessel dining area flooring, includes a duty to exercise care to prevent situations likely to cause hazardous conditions and to maintain the area free of such conditions.

23. Defendant's, CARNIVAL CRUISE LINES, crewmembers negligently failed to maintain the pool properly, causing it to overfill, overflow, and flood the area surrounding Guy's Burger Joint and the beach pool deck of The Vessel, thus creating a dangerous condition.

24. CARNIVAL's employees then advised Plaintiff, ALVIN SCOTT, to proceed through an alternate route—with which Mr. SCOTT complied--but which was also wet from the pool overflow.

25. Defendant's employees therefore failed to maintain the alternative route, to which those employees directed ALVIN SCOTT, in a safe condition by allowing a buildup of water which caused Plaintiff's slip and fall.

26. Defendant itself created the dangerous condition, through its agents or employees when the crew overfilled the pool,

27. Defendant through its employees compounded the dangerous condition and further contributed to the loss by specifically directing Plaintiff towards the alternative unsafe route;

28. Defendant both created the hazardous condition and had actual knowledge of the dangerous condition as evidenced by the crew's statements regarding the slippery state of the floor as they assisted Plaintiff up from his fall and by the employees' placement of wet floor signs in the area.

29. Defendant also had constructive knowledge of the dangerous condition because the water existed for a sufficient amount of time to invite remedy as shown by the fact that the water appeared to be built up from multiple entries through the door adjacent to the overfilled pool.

30. As a proximate result of Defendant's negligent failure to maintain that portion of the deck area near Guy's Burger Joint on or about May 26, 2023, Plaintiff, Mr. SCOTT, fell and severely injured his body.

31. Carnival's employees' negligence created this hazardous condition by over-filling its pool, by not containing the overflow of the pool, by not cordoning off the area of the spill, by not marking the spill well enough, and by errantly directing the Plaintiff into the spill, and the condition was known to Defendant, the condition had also existed for a sufficient length of time such that Defendant knew of it and failed to remedy it.

32. As a direct and proximate result of Defendant's negligence and Plaintiff's resulting fall, Plaintiff, ALVIN SCOTT, suffered physical and mental pain and anguish, disability, loss of capacity for the enjoyment of life, loss of earnings, loss of ability to earn in the future, and medical expenses. Said losses are either permanent or continuing in nature, and Plaintiff will suffer these in the future.

**WHEREFORE**, Plaintiff, ALVIN SCOTT, demands judgment for the stated damages, interest and costs against Defendant, CARNIVAL CORPORATION, individually and d/b/a CARNIVAL CRUISE LINES, a trial by jury on all issues so triable, and all such other relief this Court deems just and proper.

### COUNT III – NEGLIGENT FAILURE TO WARN

33. At all times material hereto, while Plaintiff was a passenger aboard the Vessel. Defendant had a duty to warn its passengers, including Plaintiff, of dangerous conditions.

34. The presence of water on the Defendant's decking created a hazardous condition which posed an unexpected risk of slipping to ALVIN SCOTT and other passengers.

35. The hazardous condition was not open and obvious to Mr. SCOTT as it was not apparent until after Plaintiff had entered the door through which he was directed by Carnival's crew as safe from the spill.

36. Though the crew placed warning signs, they were not positioned so as to be visible to persons entering through the alternate entrance, and ALVIN SCOTT was not aware of any warning signs until after he was injured.

37. The Defendant was aware of the water on the floor as it existed for a sufficient period of time and the water on the floor was created by Defendant's own employees.

38. Furthermore, that the Defendants actual knowledge of the condition is demonstrated by the crew's post-accident statements regarding the accumulation of water, the slipperiness of the floor, and their ill-placed warning signs.

39. Defendant breached its duty and failed to warn Plaintiff, Mr. SCOTT, of the dangerous conditions—and in fact steered Mr. SCOTT to a supposed safe alternate route—which

was justifiably relied upon by passenger ALVIN SCOTT when Carnival's employees advised him to take that route.

40. As a proximate result of Defendant's negligent failure to warn Plaintiff of the dangerous conditions about which it knew or should have known on or about May 26, 2023, Plaintiff, Mr. SCOTT, fell and severely injured his body.

41. As a direct and proximate result of Defendant's negligent failure to warn Plaintiff of a dangerous condition about which it knew and otherwise should have known, and Plaintiff's resulting fall, Plaintiff, ALVIN SCOTT, suffered physical and mental pain and anguish, disability, loss of capacity for the enjoyment of life, loss of earnings, loss of ability to earn in the future, and medical expenses. Said losses are either permanent or continuing in nature, and Plaintiff will suffer these in the future.

**WHEREFORE**, Plaintiff, ALVIN SCOTT, demands judgment for the stated damages, interest and costs against Defendant, CARNIVAL CORPORATION, individually d/b/a CARNIVAL CRUISE LINES, a trial by jury on all issues so triable, and all such other relief this Court deems just and proper.

Respectfully submitted this 24th day of May, 2023.

### COUNT IV -- VICARIOUS LIABILITY

42. At all times material hereto, while Plaintiff was a passenger aboard Defendant's, CARNIVAL CRUISE LINES's, vessel, the M/V *Carnival Horizon*, the crew of the Vessel are employees of the Defendant and Defendant is vicariously liable for their actions.

43. Defendant, through its employees, negligently created a hazardous condition by carelessly overfilling the pool, causing the primary entrance to Guy's Burger Joint to be closed, and the water from which also caused the alternate entrance to become wet and dangerously slippery.

Such was compounded by negligently directing the Plaintiff through the wet alternate entrance where the Plaintiff immediately slipped and fell.

44. The crew failed to exercise reasonable care by overfilling the pool, not cordoning off the affected area, not placing warnings signs appropriately to warn passengers, and by directing the Plaintiff through an alternate entrance which was equally wet, and where no warning signs were visible to the Plaintiff.

45. As a direct and proximate result of the negligent acts of Defendant's agents and crew, for which Defendant is vicariously liable, Plaintiff, ALVIN SCOTT, suffered physical and mental pain and anguish, disability, loss of capacity for the enjoyment of life, loss of earnings, loss of ability to earn in the future, and medical expenses. Said losses are either permanent or continuing in nature, and Plaintiff will suffer these in the future.

**WHEREFORE**, Plaintiff, ALVIN SCOTT, demands judgment for the stated damages, interest and costs against Defendant, CARNIVAL CORPORATION, individually d/b/a CARNIVAL CRUISE LINES, a trial by jury on all issues so triable, and all such other relief this Court deems just and proper.

Respectfully submitted this 25th day of May, 2023.

*/s/ Frank D. Butler, Esq.*
Frank D. Butler, Esquire
FBN: 940585
fdblawfirm@aol.com
Griffin Sher, Esq
FBN: 1023219
Frank D. Butler, P.A.
10550 US Highway 19 North
Pinellas Park, FL 33782
Phone: 727-399-2222
Fax: 727-399-2202
Service: courtdocserve@fdblawfirm.com
Secondary: kallen@fightingforfamilies.com
*Attorneys for Plaintiff*